UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TURNIER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BED BATH & BEYOND INC.,<br><br>Defendant. | Case No.: 3:21-cv-1008-L-MSB<br><br>**ORDER REMANDING CASE (DOC. NO. 4)** |

Defendant removed this case from San Diego Superior Court. (Doc. No. 1). Defendant in a related case argued Plaintiff Robert Turnier lacked Article III standing to seek injunctive relief. (*See* Case No. 20-cv-288-L-MSB, Doc. No. 7-1 at 21-23). The Court – in that case – granted Defendant's motion to dismiss with leave. (*Id*. at Doc. No. 17). Plaintiffs amended the complaint, removing their request for injunctive relief. (*Id*. at Doc. No. 18). Subsequently, they filed this removed case against Defendant, seeking injunctive relief.[1] (Doc. No. 1).

The Court issued an order to show cause as to subject matter jurisdiction. (Doc. No. 4). The parties briefed the issue. Defendant argues it met its burden to establish jurisdiction. (Doc. Nos. 8 and 11). Plaintiffs argue the Court should remand the case.

---

[1] Article III is inapplicable in state court. *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

(Doc. No. 10). The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1.

The Court has limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). There is a presumption the Court lacks jurisdiction over cases. *Id*. The burden is on Defendant to establish otherwise. *Id.*; *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 655 (9th Cir. 2002).

"A removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.8 (9th Cir. 2018) ("as a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court.") Doubts are resolved in favor of remand. *Moore- Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

To have standing to seek "injunctive relief, . . . the threat of injury must be actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 967 (internal quotation marks and citation omitted). "In other words, the threatened injury must be *certainly impending* to constitute injury in fact and allegations of *possible* future injury are not sufficient." *Id*. (internal quotation marks and citation omitted; emphasis original). Past wrongs – alone – are insufficient. *Id*. "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show a sufficient likelihood that [they] will again be wronged in a similar way." *Id*.

"A previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an actual and imminent, not conjectural or hypothetical threat of future harm." *Id*.

at 969. "The threat of future harm may be the consumer's plausible allegations that [they] might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [they] may reasonably, but incorrectly, assume the product was improved." *Id*. at 970.

Here, as Defendant acknowledges, there is nothing in the complaint about Plaintiff Moran's intention to reenroll in the subscription at issue. (Doc. Nos. 1 and 8). There is no alleged threat – let alone one that is actual and imminent. *Davidson*, 889 F.3d at 967. Plaintiff Turnier also does not allege he intends to reenroll. (Doc. No. 1). The sole allegation is that he is "unlikely" to be deceived again. *Id*. That allegation tends to show there is no threat, which is insufficient. *See Davidson*, 889 F.3d at 967 ("allegations of *possible* future injury are not sufficient.") (emphasis original); *Moore- Thomas*, 553 F.3d at 1244. Overall, there is not a "sufficient likelihood" of future harm. *Davidson*, 889 F.3d at 967.

Defendant – in the reply – requests an opportunity to conduct discovery. (Doc. No. 11). The Court is not required to "consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Regardless, there is nothing to suggest Plaintiffs' responses would show the Court has jurisdiction over their claim for injunctive relief. Again, the allegation Defendant relies on shows Plaintiffs lack Article III standing. *Ibid*. The Court therefore denies Defendant's request.

Overall, the Court lacks jurisdiction. For that reason, the Court **REMANDS** the case to San Diego Superior Court. 28 U.S.C. § 1447(c). Based on that, Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 16, 2021

Hon. M. James Lorenz
United States District Judge